# Exhibit A

**COPY**

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff
ANTHONY ROTHWELL

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 1 2 2017

BY _Victoria Sanchez_
VICTORIA SANCHEZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

ANTHONY ROTHWELL,

    Plaintiff,

v.

OLD DOMINION FREIGHT LINE, INC.;
DOES 1-100, Inclusive,

    Defendant(s).

CASE NO.: CIVDS1713198

(Amount exceeds $25,000)

**COMPLAINT FOR DAMAGES**

1. **RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**Demand for Jury Trial**

BY FAX

Plaintiff, ANTHONY ROTHWELL ("Plaintiff"), hereby brings his complaint against the above-named Defendants and states and alleges as follows:

### FIRST CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Against All Defendants, And Does 1-100)

1. At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of San Bernardino, State of California.

///

1
**COMPLAINT FOR DAMAGES**

2. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant OLD DOMINION FREIGHT LINE, INC. (hereinafter referred to as "Defendant") was, and now is,, valid businesses of form unknown duly organized and existing under the laws of the State of California, incorporated in the State of Virginia, and having a principal place of business in the County of San Bernardino, State of California.

3. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

4. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, successor entity, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

5. At all times herein mentioned, from February 2015 through until his wrongful termination on or about July 15, 2015, Plaintiff was employed as a driver by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiffs employers, managers and supervisors.

6. On or about July 15, 2015, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, and retaliated against Plaintiff on the basis of Plaintiffs disability, or because he complained of the conduct, by the following continuous actions, and conduct, among others::

    a. On or about July 16, 2015, Plaintiff was in a motor-vehicle accident at 5 a.m. on his way home from work at Defendant;

     b. As a result of the motor-vehicle accident, Plaintiff was rushed to the hospital, where he lay in a coma for a little over one month;

     c. On July 16, 2015, Plaintiff's girlfriend notified Defendant that Plaintiff had been hospitalized on his way home from work.

     d. Instead of attempting to engage in the interactive process with Plaintiff, or reasonably accommodating his injuries/disabilities, Plaintiff was immediately terminated on July 16, 2015, for a "no call, no show" while he lay in a coma at the hospital.

     e. When Plaintiff emerged from his coma, and was released to work at full capacity, he contacted Defendant in an attempt to get his job back, but was denied rehire by Defendant, who told Plaintiff that they had already filled his position.

     f. Plaintiff was entitled to preferential reassignment, which he was denied.

7. Plaintiff refers to the allegations contained herein, and incorporates each by reference as though fully set forth at length herein

8. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating and retaliating against any individual based on their disability status. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such harassment, discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940 et seq., and the laws and regulations promulgated thereunder.

9. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

10. As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

11. As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

12. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

13. As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

14. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this

court.

15. The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

16. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For medical expenses and related items of expense, according to proof;
3. For loss of earnings, according to proof;
4. For loss of earning capacity, according to proof;
5. For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;
6. For prejudgment interest, according to proof;
7. For punitive and exemplary damages, according to proof;
8. For costs of suit incurred herein; and
9. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

///

Date:  July 11, 2017          LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: _____
TODD M. FRIEDMAN, ESQ.
Attorneys For Plaintiff
ANTHONY ROTHWELL