UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

---

**CASE NO.:** ED CV 17-01732 SJO (JCx)     **DATE:** November 22, 2017

**TITLE:** Anthony Rothwell v. Old Dominion Freight Line, Inc.

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Connie Lee                                              Not Present
Courtroom Clerk                                         Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**        **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                             Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT REQUEST FOR ATTORNEY'S FEES** [Docket No. 16]

This matter is before the Court on Defendant Old Dominion Freight Line, Inc.'s ("Defendant") Motion to Dismiss First Amended Complaint (Request for Attorney's Fees) ("Motion"), filed October 10, 2017. Plaintiff Anthony Rothwell ("Rothwell") filed an Opposition ("Oposition") to this Motion on October 23, 2017 to which Defendant replied on October 30, 2017. The Court found this matter suitable for disposition without argument and vacated the hearing set for November 13, 2017. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS** Defendant's Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The matter before the Court is Defendant's Motion to Dismiss First Amended Complaint (Request for Attorney's Fees). Mot. 1, ECF No. 16-2.) The request for attorneys' fees is based on a common law wrongful termination claim predicated on the public policy embodied in the Fair Employment and Housing Act ("FEHA"). Defendant asserts that Plaintiff's request fails as a matter of law, and asks that the Court grant the Motion to Dismiss with prejudice. (Mot. 1.)

Plaintiff filed his original Complaint in Los Angeles Superior Court on July 5, 2017. (Notice of Removal, ECF No. 1, Ex. A Complaint ¶ 5, ECF No. 1-1.) Defendant filed a Notice of Removal in this Court on August 25, 2017. (Notice of Removal.) Defendant then filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Request for Attorneys' Fees in response to the Complaint on September 1, 2017. (ECF No. 8.) Plaintiff did not respond to Defendant's Motion, and instead filed the First Amended Complaint ("FAC") on September 11, 2017. (First Amended Complaint ("FAC"), ECF No. 10.) Pursuant to the parties' stipulation, the Court granted Defendant an extension of time to file a responsive pleading. (ECF No. 15.) Defendant filed the instant Motion to Dismiss on October 10, 2017. (Mot.) The Court addresses only the FAC and the instant Motion here, as both the Complaint and original Motion have been dismissed as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: ED CV 17-01732 SJO (JCx)    DATE: November 22, 2017

Plaintiff alleges the following: he was employed as a driver by Defendant from February 2015 to July 15, 2015.  (FAC ¶ 5.)  He was involved in a motor vehicle accident on his way home from work in the early morning of July 16, 2015.  (FAC ¶ 6(a).)  He was rushed to the hospital, where he was in a coma for approximately one month.  (FAC ¶ 6(b).)  Later that morning, Plaintiff's girlfriend allegedly notified Defendant that Plaintiff had been hospitalized on his way home from work. (FAC ¶ 6(c).)  Regardless, Defendant terminated Plaintiff's employment on July 16, 2015, under the company's "no call, no show" policy.  (FAC ¶ 6(d).)  Approximately two years later, on July 12, 2017, Plaintiff filed the current lawsuit against Defendant asserting a single claim for wrongful termination in violation of public policy. (Mot. 3.)  Plaintiff seeks attorneys' fees pursuant to California Civil Code section 1021.5 ("Section 1021.5"), among other damages.  (Mot. 3-4; Compl. ¶¶ 9, 18.)

Defendant responds that Plaintiff's request for attorneys' fees should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  (Mot. 1-2.)  Defendant argues that Section 1021.5, which provides for the recovery of attorneys' fees and costs where the legal action enforces an "important right affecting the public interest," is inapplicable to Plaintiff's claim, which Defendant alleges is "inherently personal in nature." (Cal. Civ. Code § 1021.5; Mot. 1.)  Defendant also argues that Plaintiff has not and cannot allege a statutory claim under FEHA to recover attorneys' fees because such a claim would be time-barred.  (Mot. 1.)

II.   DISCUSSION

   A.   Legal Standards

      1.   Motions to Dismiss under Rule 12(b)(6)

A motion to dismiss a claim under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-2000 (9th Cir. 2003).  Dismissal under Rule 12(b)(6) is proper if the complaint lacks either a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

      2.   Attorneys' Fees and Costs under FEHA

California's FEHA provides for an award of attorneys' fees and costs to a prevailing party.  Cal. Gov't Code §12965(b).  However, in order to prevail in an action brought pursuant to FEHA, a plaintiff must first exhaust all available administrative remedies by filing a complaint with the California Department of Fair Employment and Housing ("DFEH") and obtaining a right-to-sue letter.  *Id.*  The DFEH complaint generally must be filed no later than one year from the date upon which the allegedly unlawful conduct occurred, with extensions granted in limited circumstances when: (1) the plaintiff first learns of the alleged unlawful conduct more than one year after it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>ED CV 17-01732 SJO (JCx)</u>　　　　　DATE: <u>November 22, 2017</u>

happens: (2) the employer's identity must be substituted; (3) the employer's identity is unknown; or (4) the plaintiff has not yet reached the age of majority. Cal. Gov't Code § 12960(d).

   3.  <u>California Civil Code Section 1021.5</u>

Section 1021.5 provides that:

> Upon motion, a court a court may award attorneys' fees to a successful party against one or more opposing parties in the enforcement an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons; (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate; and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Civ. Code § 1021.5.

The "basic objective" of Section 1021.5 is to encourage suits enforcing "important public policies" by providing substantial attorney fees to successful litigants in such cases. *Flannery v. Cal. Highway Patrol,* 61 Cal. App. 4th 629, 734 (1998). However, whether to award fees is within the trial court's discretion, and the statute is not designed to authorize an award of fees under Section 1021.5 in every lawsuit enforcing a constitutional or statutory right. *Id.* at 634-35 (citing *Woodland Hills Residents Ass'n, Inc. v. City Council,* 23 Cal. 3d 917, 939 (1979)). Given that the public "always derives some benefit when illegal private or public conduct is rectified," the statute provides for an award "only when the lawsuit has conferred a significant benefit on the general public or a large class of persons." *Id.* at 635 (internal citations and quotation marks omitted). As such, when the primary effect of a lawsuit is to advance or vindicate a plaintiff's personal economic interests, an award of attorneys' fees under Section 1021.5 is improper. *Id.* The statute is not a means for rewarding litigants "motivated by their own pecuniary interests who only coincidentally protect the public interest," but instead is meant to provide an incentive for the plaintiff who "prosecut[es] a lawsuit that enforces an important public right and confers a significant benefit, despite the fact that his or her own financial stake in the outcome would not by itself constitute an adequate incentive to litigate." *Id.* (quoting *Beach Colony II v. Cal. Coastal Comm'n,* 166 Cal. App. 3d 106, 114 (1985); *Satrap v. Pac. Gas & Elec. Co.,* 42 Cal. App. 4th 72, 80 (1996)); *see also Pac. Legal Found. v. Cal. Coastal Comm'n,* 33 Cal. 3d 158, 167 (1982) (the possibility that a lawsuit conveyed a cautionary message to defendant about its conduct was insufficient to satisfy the significant public benefit requirement).

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>ED CV 17-01732 SJO (JCx)</u>     DATE: <u>November 22, 2017</u>

    B.    <u>Plaintiff's Request for Attorneys' Fees And Costs Should Be Dismissed</u>

As an initial matter, Plaintiff does not state a cause of action pursuant to or under FEHA. Furthermore, given that his allegedly wrongful termination was in July 2015, but he did not file the instant lawsuit until July 2017, the statute of limitations for a potential FEHA has expired as well. As such, the only avenue Plaintiff has for seeking attorneys' fees is through Section 1021.5.

In Paragraph 8 of the FAC, Plaintiff cites California Government Code section 12940, which prohibits employers from discriminating and retaliating against any individual based on disability status, and describes the "public policy of the State of California" to "protect all employees and to promote the welfare and well-being of the community at large." (FAC ¶ 8.) In Paragraph 10, Plaintiff states summarily that "[t]he rights that Plaintiff herein seeks to enforce entitle him to a private attorney general fee award under Section 1021.5, based on the necessity and financial burden of seeking to enforce his rights prohibiting employers from terminating their employees on the basis of their disability status, as was done to Plaintiff." (FAC ¶ 10.)

However, Plaintiff has not articulated any **facts** indicating that his wrongful termination claim meets the requirements of Section 1021.5. Plaintiff does not plausibly allege any important right whose enforcement would confer a significant benefit, pecuniary or nonpecuniary, on the general public or a large class of persons; rather, he seeks only the enforcement of his own rights. Moreover, Plaintiff does not plead any facts regarding the necessity and financial burden of private enforcement that would make an award appropriate. Plaintiff's FAC adds two paragraphs, presumably in an attempt to address Defendant's motion to dismiss the request for attorneys' fees in his original Complaint. These additions are not factual in nature and merely state the standard for attorneys' fee awards under Section 1021.5. Finally, Plaintiff does not indicate why any fee awards should not be paid out of his potential recovery.

The Court finds the FAC insufficient to state a valid claim for attorneys' fees under Section 1021.5. Plaintiff's wrongful-termination claim is wholly personal in nature, involving his alleged loss of income and benefits, mental and emotional distress, and humiliation; Defendant correctly argues that even "[i]f successful on the merits, Plaintiff's damages award will benefit no one except Plaintiff himself." (Mot. 5.) Although Plaintiff references the public policy against discrimination and retaliation, he does not plead any facts showing that his lawsuit will help enforce that policy for the rest of the general public, or at least a large class of persons. Nor does the fact that he seeks punitive damages render his claims public in nature because the nature of the action itself is individual. As such, the Complaint lacks "sufficient facts alleged under a cognizable legal theory" and should be dismissed. *Balistreri*, 901 F.2d at 699.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority          \_\_\_\_\_
Send              \_\_\_\_\_
Enter             \_\_\_\_\_
Closed            \_\_\_\_\_
JS-5/JS-6         \_\_\_\_\_
Scan Only         \_\_\_\_\_

**CASE NO.:** <u>ED CV 17-01732 SJO (JCx)</u>   **DATE:** <u>November 22, 2017</u>

deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Such is the case here. Because Plaintiff's Complaint is fundamentally personal in nature, it must be **DISMISSED WITHOUT LEAVE TO AMEND**.

III.   <u>RULING</u>

For the foregoing reasons, Defendant's Motion to Dismiss First Amended Complaint Request for Attorney's Fees is **GRANTED** and Plaintiff's Request for Attorneys' Fees is **DISMISSED WITHOUT LEAVE TO AMEND**.

IT IS SO ORDERED.